Benjamin C. Deming (State Bar No. 233687)
bdeming@rutan.com
Hani Z. Sayed (State Bar No. 224233)
hsayed@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
NIAGARA BOTTLING, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| NIAGARA BOTTLING, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ESSENCE WATER, INC., a California Corporation,<br><br>Defendant. | Case No. 8:17-cv-1438<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date Action Filed:<br>Trial Date: |

Plaintiff NIAGARA BOTTLING, LLC ("Niagara") as its complaint against Defendant ESSENCE WATER, INC. ("Essence") alleges as follows:

## NATURE OF THE CASE

1. This action arises under 35 U.S.C. § 271 for Essence's infringement of Niagara's United States Patent No. 6,572,902 ("the '902 Patent").

## THE PARTIES

2. Plaintiff Niagara is a Delaware limited liability company with its principal place of business at 2560 East Philadelphia Street, Ontario, California 91761.

3. On information and belief, Defendant Essence is a corporation licensed to do business in California, with a primary place of business at 12802 Knott Street, Garden Grove, California, 92841.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to patents) and 28 U.S.C. § 1331 (federal question).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(c).

6. Personal jurisdiction over Essence exists because Essence is a business licensed to do business in California, having a primary place of business in Garden Grove, California in this Judicial District. Personal jurisdiction over Essence also exists because Essence sells and has sold and/or offers to sell in this judicial district products that infringe the patent-in-suit.

## GENERAL ALLEGATIONS

7. On June 3, 2003, United States Patent No. 6,572,902, entitled "Process for Producing Improved Alkaline Drinking Water and the Product Produced Thereby" ("the '902 Patent"), was duly and legally issued by the United States Patent and Trademark Office ("USPTO").

8. By assignment dated September 12, 2014, Niagara is the owner of all rights, title, and interest in and to the '902 Patent, including all rights to recover for any and all past infringement thereof. A true and correct copy of the '902 Patent is attached hereto as **Exhibit A**.

9. Claim 12 of the '902 Patent is representative of the invention claimed in the '902 Patent. That claim reads in full:

> An improved alkaline drinking water product, comprising:
> potable water which has been filtered and purified, with a total dissolved solids of less than 10 parts per million, to which has been added selected alkaline minerals, and which has then been

electrolyzed to produce alkaline water having a pH in the range of 9-10, with a TDS (total dissolved solids) of 22-240 ppm and an alkalinity of 12-216 ppm.

10. As further stated in the '902 Patent, a drinking water having the claimed properties is known to have certain health benefits. (See, e.g., '902 Patent at 1:14-30.)

## FIRST CAUSE OF ACTION
### (Infringement of the '902 Patent)

11. Plaintiff re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

12. Defendant Essence makes and sells the Essence ph10 drinking water product ("Essence Product"), which is advertised by Essence as being purified, having added alkaline minerals, and having a pH of 10.

13. Essence manufactures, sells, and offers to sell the Essence Product, which meets each and every element of at least one claim of the '902 Patent. The infringing acts take place throughout the United States, including in this Judicial District. Essence has infringed and are infringing the '902 Patent, and will continue to do unless enjoined by this Court. Attached hereto as **Exhibit B** is a collection of advertisements from Essence's website showing the Essence Product and Essence's claims regarding the product.

14. On September 28, 2015, Plaintiff sent a letter informing Essence that it is selling products that are believed to infringe on the claims of the '902 Patent. Despite Essence's knowledge of the '902 Patent, Essence continued to infringe the '902 Patent. Defendant Essence's infringement of the '902 Patent has been and will continue to be willful, wanton and deliberate with full knowledge and awareness of Niagara's patent rights unless enjoined by this Court.

15. Niagara has been damaged in an amount to be determined at trial, but in an amount no less than a reasonable royalty. Niagara is also being irreparably

injured by Essence's infringing activities. Niagara will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

## **PRAYER**

WHEREFORE, Plaintiff Niagara prays for the following relief:

a. Preliminary and permanent injunctions pursuant to 35 U.S.C. § 283 enjoining and restraining Defendant, its officers, directors, agents, employees, successors and assigns, and all those acting in privity or concert with Defendant, from further infringement of the '902 Patent;

b. A judgment by the Court that Defendant has infringed and is infringing the '902 Patent;

c. An award of damages for infringement of the '902 Patent, together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Defendant's infringement, as provided by 35 U.S.C. § 284;

d. An award of Niagara's reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

e. Niagara's costs of suit herein; and

f. For such other and further relief as this Court deems just and proper.

Dated: August 21, 2017

RUTAN & TUCKER, LLP
BENJAMIN DEMING
HANI SAYED


By: */s/ Benjamin Deming*
      Benjamin Deming
Attorneys for Plaintiff NIAGARA BOTTLING, LLC.

## DEMAND FOR JURY TRIAL

Plaintiff NIAGARA BOTTLING, LLC demands a jury trial on all issues triable to a jury in this matter.

Dated: August 21, 2017

RUTAN & TUCKER, LLP
BENJAMIN DEMING
HANI SAYED

By: */s/ Benjamin Deming*
    Benjamin Deming
    Attorneys for Plaintiff NIAGARA BOTTLING, LLC.